UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

N. Paul Friederichs and Jill A.
Friederichs,

                Plaintiffs,

                              Civ. No. 08-6419 (RHK/JJK)
                              **ORDER TO SHOW CAUSE**

v.

Tom Gorz, *et al.*,

                Defendants.

---

      This matter is before the Court *sua sponte*.

      This action arises out of the sale of certain real estate located in St. Paul, Minnesota.  Plaintiffs, a husband and wife, allege that Defendant Tom Gorz failed to make payments to them pursuant to a contract to purchase that real estate.  The remaining Defendants are alleged to have been involved in some aspect of the transaction, either as part of the closing, guarantor, etc.

      The Complaint asserts claims sounding in contract and tort law, as well as violations of various Minnesota statutes; no federal causes of action are alleged, although the Complaint does make passing reference to the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 *et seq*.  (See, e.g., Compl. ¶ 29.)  While Plaintiffs allege that the Court enjoys jurisdiction over this case under the diversity-jurisdiction statute, 28 U.S.C. § 1332 (see Compl. ¶ 7), the Complaint alleges that (1) Plaintiffs are Minnesota residents who live in Coon Rapids, Minnesota (id. ¶ 1); (2) Defendant Gorz is a

Minnesota resident who lives in St. Paul, Minnesota (id. ¶ 2); and (3) Defendant Minnesota Metals is an "unincorporated business with an address of 776 Desoto Avenue, St. Paul, MN 55101" (id. ¶ 3). Hence, the Complaint indicates on its face that the parties are not completely diverse. As no other basis for jurisdiction is alleged, see Fed. R. Civ. P. 8(a)(1) (complaint must contain "a short and plain statement of the grounds for the court's jurisdiction"), it appears that the Court lacks subject-matter jurisdiction over this case.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiffs show cause in writing, on or before March 18, 2009, why this case should not be dismissed for lack of subject-mater jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Dated: March 3, 2009                                s/Richard H. Kyle
                                                    RICHARD H. KYLE
                                                    United States District Judge