# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

N. Paul Friederichs and Jill A. Friederichs,

                Plaintiffs,

Civ. No. 08-6419 (RHK/JJK)
**MEMORANDUM OPINION AND ORDER**

v.

Tom Gorz, *et al.*,

                Defendants.

This matter is before the Court *sua sponte*. For the reasons set forth below, the Court concludes that it lacks subject-matter jurisdiction over this action. Accordingly, it will be dismissed.

## BACKGROUND

The procedural posture of this matter is somewhat complicated and will be set forth in some detail. The claims in this case arise out of the purchase and sale of certain real property located in St. Paul, Minnesota. Plaintiffs N. Paul Friederichs and Jill A. Friederichs, husband and wife, are Minnesota residents who purchased the subject property from J.P. Morgan Chase Bank. They immediately re-sold it under a contract for deed to Defendant Tom Gorz, another Minnesota resident. (Compl. ¶¶ 1-2, 10-12.) The transactions were closed by an agent of Defendant IndyMac Bank, F.S.B., a Delaware

corporation with its principal place of business in Pasadena, California. (Id. ¶¶ 5, 11.)[1]
IndyMac was involved in the transaction because it was the mortgagee, and Plaintiffs the mortgagors, for the subject property. (Id. ¶ 27.)

Gorz's obligations under the contract for deed were guaranteed by Defendant Minnesota Metals, an unincorporated business located in St. Paul, Minnesota. (Id. ¶¶ 3, 12.) Gorz, however, failed to make the required payments under the contract for deed. (Id. ¶ 19.) Plaintiffs then commenced the instant action, asserting a breach-of-contract claim against Gorz (id. ¶¶ 16-20) and a claim against Minnesota Metals under the guaranty (id. ¶¶14-15). Plaintiffs also allege that Gorz defamed them in statements made to certain third parties. (Id.¶ 22.) The remaining eight claims in the Complaint are alleged against IndyMac.[2] They concern misrepresentations IndyMac purportedly made regarding the mortgage documents and other alleged improprieties with respect to the

---

[1] There is some confusion in the papers as to the exact name and status of this Defendant. Plaintiffs have named the Defendant "Indy Mac, Inc." (Compl. ¶ 5), but apparently no such entity exists or ever existed. (See First Taple Aff. (Doc. No. 18) ¶ 1.) Rather, the bank involved was IndyMac Bank, F.S.B. On July 11, 2008, the Office of Thrift Supervision ("OTS") closed IndyMac Bank, F.S.B. and appointed the Federal Deposit Insurance Corporation ("FDIC") as its receiver. (Second Quick Aff. (Doc. No. 28) Ex. A.) As part of that order, the OTS chartered a new institution, IndyMac Federal Bank, F.S.B., into which certain assets and liabilities of IndyMac Bank, F.S.B. were transferred. (See id.) The FDIC was appointed conservator of this new entity. (Id.) On March 19, 2009, the conservatorship was terminated and IndyMac Federal Bank, F.S.B. was placed into receivership, with the FDIC appointed as receiver. (First Taple Aff. Ex. A.) For the sake of clarity, hereinafter the Court refers to IndyMac Bank, F.S.B. as "IndyMac" and IndyMac Federal Bank, F.S.B. as "IndyMac Federal Bank."

[2] While Plaintiffs have also named IndyMac Federal Bank as a Defendant as "successor in right to Defendant IndyMac" (Compl. ¶ 6), the Complaint contains no factual allegations against IndyMac Federal Bank, notwithstanding Plaintiffs' contention to the contrary (see Pl. Surreply at 5-6).

closing of the transaction.

All of the claims in the Complaint sound in contract and tort law, as well as violations of various Minnesota statutes. No federal causes of action appear on the face of the Complaint, although it does make passing reference to the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 *et seq*. (See, e.g., Compl. ¶ 29.) The only basis for subject-matter jurisdiction alleged therein is diversity of citizenship under 28 U.S.C. § 1332. (Id. ¶ 7.) Yet, the Complaint also alleges that (1) Plaintiffs are Minnesota residents who live in Coon Rapids, Minnesota (id. ¶ 1); (2) Defendant Gorz is a Minnesota resident who lives in St. Paul, Minnesota (id. ¶ 2); and (3) Defendant Minnesota Metals is an "unincorporated business with an address of 776 Desoto Avenue, St. Paul, MN 55101" (id. ¶ 3). Hence, the Complaint itself indicates that the parties are not completely diverse.

As a result of the foregoing, on March 3, 2009, the Court ordered Plaintiffs to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. Plaintiffs submitted a response to the Order to Show Cause on March 18, 2009, claiming that jurisdiction exists because (1) the parties are partially diverse, (2) they have pleaded a claim under the Lanham Act, 15 U.S.C. § 1125, and (3) this is an interpleader action under 28 U.S.C. § 1335. The Court then ordered IndyMac, the only Defendant to have appeared in this matter, to respond to Plaintiffs' submission. IndyMac responded by filing a Motion to Dismiss, arguing that the Court lacks subject-matter jurisdiction over the claims against it because Plaintiffs have not exhausted mandatory

administrative remedies. The Motion, however, nowhere addresses the claims against the remaining Defendants or any of Plaintiffs' arguments regarding jurisdiction. After further briefing by the parties, the matter is now ripe for decision.

## ANALYSIS

**I.     Diversity jurisdiction and the supplemental-jurisdiction statute**

As an initial matter, it is clear that the basis for jurisdiction pleaded in the Complaint – diversity jurisdiction under 28 U.S.C. § 1332 – is lacking. While Plaintiffs are diverse from one Defendant, IndyMac, they are not diverse from several others, including Gorz and Minnesota Metals. And it is well settled that partial diversity is insufficient; diversity jurisdiction requires all plaintiffs to be diverse from all defendants. See, e.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

Nevertheless, Plaintiffs argue that the Court enjoys subject-matter jurisdiction over this case through a combination of diversity and supplemental jurisdiction. In support, they rely on the negative implications of the supplemental-jurisdiction statute, 28 U.S.C. § 1367. In its first subsection, the statute grants district courts jurisdiction to hear claims over which they would otherwise lack jurisdiction, as long as those claims arise out of the same case or controversy as those claims over which jurisdiction exists. Id. § 1367(a). In its next subsection, however, the statute *eliminates* supplemental jurisdiction in diversity cases over "claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure." Id. § 1367(b). Because Section 1367(b) makes no mention of claims added under Federal Rule of Civil Procedure 22 (concerning

interpleader), Plaintiffs argue that the statute necessarily extends jurisdiction to claims against parties added under that Rule. They further claim that all parties in this lawsuit, other than IndyMac, have been brought into the action under Rule 22.

In a nutshell, then, Plaintiffs' argument is as follows: (i) they are diverse from IndyMac; (ii) their claims against the other, non-diverse defendants are brought into this case under Rule 22; (iii) the supplemental-jurisdiction statute implicitly extends jurisdiction to such claims; and (iv) accordingly, jurisdiction must exist over all claims in this case. Although creative, this argument is unpersuasive.

Plaintiffs have cited no case law or other authority interpreting the supplemental-jurisdiction statute in such a fashion. And the Court's own research has uncovered several decisions rejecting similar arguments. For example, the court in Finley v. Higbee Co., 1 F. Supp. 2d 701 (N.D. Ohio 1997), noted that

> courts that have considered the issue have rejected plaintiff's position that the supplemental jurisdiction statute provides a basis for a federal court to exercise diversity jurisdiction over an action in the absence of complete diversity[,] even when the plaintiff's claims against the non-diverse defendant form part of the same case or controversy as the case arising against diverse defendants.

Id. at 703 (citing Parker v. Crete Carrier Corp., 914 F. Supp. 156 (E.D. Ky. 1996), and Ware v. Jolly Roger Rides, Inc., 857 F. Supp. 462 (D. Md. 1994)). Simply put, "28 U.S.C. § 1367 does not authorize a federal court to exercise diversity jurisdiction where complete diversity is lacking." Id. at 703-04.

More importantly, however, Plaintiffs' argument is flawed because there is no jurisdiction over the claims against IndyMac and, accordingly, there is nothing upon

which to append Plaintiffs' "supplemental" claims. The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") divests federal courts of jurisdiction over claims against banks in FDIC receivership unless the plaintiff has first exhausted remedies by submitting those claims to the FDIC for review. See, e.g., 12 U.S.C. § 1821(d)(13)(D); Tri-State Hotels, Inc. v. FDIC, 79 F.3d 707, 712 (8th Cir. 1996); Freeman v. FDIC, 56 F.3d 1394, 1400 (D.C. Cir. 1995). "Exhaustion of FIRREA's administrative remedies [is] a jurisdictional prerequisite to suit in district court." Bueford v. Resolution Trust Corp., 991 F.2d 481, 484 (8th Cir. 1993).

Here, Plaintiffs have not submitted their claims to the FDIC for review. There is no dispute that the FDIC sent several forms to Plaintiffs, which required them to submit their claims in writing and with sufficient proof thereof. (See Second Taple Aff. Ex. A.)[3] There is also no dispute that Plaintiffs have not returned those forms to the FDIC. (See Pl. Show of Cause (Doc. No. 23) at 6.) Plaintiffs assert that they have exhausted because their "situation does not fit the forms" and they contacted IndyMac's "help line" for assistance with their claims. (Id.) But that is simply not enough; under FIRREA, Plaintiffs are required to timely submit a claim to the FDIC, and the FDIC may prescribe the method by which such claims must be submitted. See 12 U.S.C. § 1821(d)(4)(A); Latz v. Resolution Trust Corp., No. 92 C 1583, 1992 WL 97931, at *2 (N.D. Ill. May 5,

---

[3] Insofar as the Court is reviewing whether subject-matter jurisdiction exists over this action, it may consider matters beyond the pleadings. See Ark. State Highway Comm'n v. Ark. River Co., 271 F.3d 753, 762 (8th Cir. 2001).

1992) (plaintiff failed to exhaust where she did not comply with designated procedures for mailing claim for review); Capital Data Corp. v. Capital Nat'l Bank, 778 F. Supp. 669, 676-77 (S.D.N.Y. 1991) (failure to comply with FDIC requirement to submit signed letter along with proof to FDIC meant plaintiff had failed to exhaust), abrogated on other grounds by Carlyle Towers Condo. Ass'n, Inc. v. FDIC, 170 F.3d 301 (2d Cir. 1999).

Further, even if Plaintiffs had properly exhausted, the Court would lack jurisdiction over their claims against IndyMac for another reason: Plaintiffs have sued in the wrong forum. A claimant may only file suit in the district court "within which the [failed bank's] principal place of business is located or the United States District Court for the District of Columbia." 12 U.S.C. § 1821(d)(6)(A). While ostensibly a venue provision, Section 1821(d)(6)(A) has been interpreted as jurisdictional, since FIRREA divests courts of jurisdiction over all claims not brought in accordance with its strictures. See, e.g., Augienello v. FDIC, 310 F. Supp. 2d 582, 589-90 (S.D.N.Y. 2004); Mansolillo v. FDIC, 804 F. Supp. 426, 428-29 (D.R.I. 1992); FDIC v. Satter Cos., 791 F. Supp. 26, 28 (D. Me. 1992). The Court agrees with this interpretation. Hence, because IndyMac's principal place of business is in California (Compl. ¶ 5), this Court lacks jurisdiction over Plaintiffs' claims against IndyMac.

At bottom, Plaintiffs' failure to properly submit their claims for administrative review or sue in the correct forum means that the Court lacks jurisdiction over the claims against IndyMac. Accordingly, the Court also lacks jurisdiction over the remaining

claims.[4]

## II.    Lanham Act

Plaintiffs next argue that the Court enjoys federal-question jurisdiction under 28 U.S.C. § 1331 because they have pleaded a claim under the Lanham Act, 15 U.S.C. § 1125. The Complaint nowhere mentions or cites the Lanham Act, however. Nevertheless, Plaintiffs argue they have validly pleaded a claim under the Lanham Act by alleging that IndyMac "made misrepresentations about its mortgage." (Pl. Show of Cause at 8.)

Notwithstanding Federal Rule of Civil Procedure 8(a)(1)'s admonition that a complaint must contain a "short and plain statement of the grounds for the court's jurisdiction," the fact that a complaint fails to cite a specific federal statute is not dispositive of the jurisdictional inquiry. See, e.g., LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.), 196 F.3d 1, 5 (1st Cir. 1999); 2 James Wm. Moore *et al.*, Moore's Federal Practice § 8.03[3] (3d ed. 1999). Rather, the question is whether the complaint alleges sufficient facts to state a violation of a federal statute. LeBlanc, 196

---

[4] One additional point bears mentioning. In their Surreply, Plaintiffs note that, in addition to IndyMac, they have sued IndyMac Federal Bank; they contend that the exhaustion requirement does not apply with respect to their claims against this entity. But the Complaint is devoid of any substantive allegations against IndyMac Federal Bank – it is mentioned only once, as "successor in right" to IndyMac. (Compl. ¶ 6.) Hence, IndyMac Federal Bank is not, as Plaintiffs claim, "pled as a direct tortfeasor." (Surreply at 6.) Further, as the FDIC-created "successor" to IndyMac, IndyMac Federal Bank stands in IndyMac's shoes. See Tex. Am. Bancshares, Inc. v. Clarke, 954 F.2d 329, 339 (5th Cir. 1992). Plaintiffs cannot make an end-run around FIRREA's jurisdictional mandates simply by naming IndyMac Federal Bank as a "successor" Defendant.

F.3d at 5. For this reason, federal-question jurisdiction is absent where the plaintiff has pleaded only a frivolous federal claim. See, e.g., Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal-question jurisdiction . . . may be dismissed of want for subject-matter jurisdiction if it is not colorable, *i.e.*, if it is . . . 'wholly insubstantial and frivolous.'") (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)); Stanturf v. Sipes, 335 F.2d 224, 228 (8th Cir. 1964) ("[J]urisdiction . . . is wanting where the claim pleaded is plainly insubstantial."). To be colorable, a claim "must have some possible validity." Garcia-Aguillon v. Mukasey, 524 F.3d 848, 850 (8th Cir. 2008) (internal quotation marks and citations omitted).

Plaintiffs' Lanham Act claim has no possible validity and, accordingly, fails to establish federal-question jurisdiction here. Plaintiffs invoke the "false advertising" provision of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). (Pl. Show of Cause at 8.) But Plaintiffs' claims are not the type designed to be remedied by the Lanham Act. "[F]alse advertising claims not involving misuse of a trademark are actionable only when brought by competitors of the wrongdoer." Am. Ass'n of Orthodontists v. Yellow Book USA, Inc., 434 F.3d 1100, 1103-04 (8th Cir. 2006). Plaintiffs nowhere allege any misuse of IndyMac's trademark and, obviously, they are not IndyMac's competitor. Accordingly, Plaintiffs' Lanham Act claim is patently frivolous and cannot establish federal-question jurisdiction.[5]

---

[5] As the Court noted previously, the Complaint makes passing reference to the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 *et seq*. (See, e.g., Compl. ¶ 29.)

**III. Interpleader**

Finally, Plaintiffs argue that the Court enjoys jurisdiction in this case under the interpleader statute, 28 U.S.C. § 1335. That statute vests district courts with jurisdiction to resolve competing claims to property valued at $500 or more if two or more claimants are diverse from each other. See 28 U.S.C. § 1335(a)(1); Blue Cross & Blue Shield of Mo. v. Nooney Krombach Co., 170 F.R.D. 467, 471 (E.D. Mo. 1997). Such claims are known as "statutory-interpleader" claims.

But Plaintiffs' assertion that this is a statutory-interpleader case, in the Court's view, is a disingenuous attempt at revisionist history. Indeed, nothing in the Complaint even remotely hints that this is such a case. That conclusion is reinforced by the fact that Plaintiffs have taken no steps to deposit the subject property's mortgage, note, deed, etc. with the registry of the Court, or post a bond. See 28 U.S.C. § 1335(a)(2) (requiring such steps before jurisdiction is established); United States v. Armstrong, No. 1:06-CV-884, 2007 WL 4438924, at *6 (S.D. Ind. Dec. 17, 2007) (noting that deposit or bond is jurisdictional requirement).

Rather, Plaintiffs appear to assert nothing more than garden-variety tort and contract claims, as well as claims under Minnesota consumer-protection statutes. Simply

---

But the Complaint does not appear to plead a claim under that statute, and in response to the Court's Order to Show Cause, Plaintiffs nowhere asserted that they were relying on that statute to establish jurisdiction. The Court is cognizant that Plaintiffs are proceeding *pro se* and that *pro se* pleadings typically are construed liberally. E.g., Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). Yet, Plaintiff N. Paul Friedrichs is an attorney. The rule of liberal construction does not apply under such circumstances. E.g., Larsen v. JBC Legal Group, P.C., 533 F. Supp. 2d 290, 295 n.2 (E.D.N.Y. 2008); Woods v. State, 469 F. Supp. 1127, 1128 n.1 (S.D.N.Y. 1979).

put, the suggestion that this is a statutory-interpleader case appears to have been concocted in the eleventh hour in a half-hearted attempt to prevent this case from being dismissed. See Cal. Pipe Recycling, Inc. v. Sw. Holdings, Inc., No. CV F 08-236, 2008 WL 4690534, at *7 (E.D. Cal. Oct. 23, 2008) ("Section 1335 is not to be used 'for forum shopping, which is the use to which it seems to have been put here; and when an interpleader action is brought in bad faith it must be dismissed.'") (quoting Indianapolis Colts v. Mayor & City Council of Balt., 733 F.2d 484, 487-88 (7th Cir. 1984)).

Moreover, it does not appear that there are two or more "adverse" claimants to the real property at issue. Plaintiffs are not claiming an interest in the property themselves – indeed, they are asking the Court to rescind the mortgage granted to IndyMac in order to get out from under the transaction. The only potentially "adverse" claimants to the property, therefore, are IndyMac and Gorz. Plaintiffs argue that if they were successful on (1) their claim seeking rescission of the mortgage with IndyMac and (2) their claim seeking specific performance by Gorz, then IndyMac and Gorz would have competing claims to the property. (Pl. Show of Cause at 7.) But such a result cannot come to pass. Plaintiffs simply could not require Gorz's specific performance, on one hand, while on the other hand obtaining rescission of the mortgage. That is, they could not insist on Gorz's payment for the property if they were to successfully obtain rescission, because they would no longer own the property for which Gorz's payments are owed. By their very nature, therefore, these claims are mutually exclusive and cannot result in "adverse" demands to the property.

## CONCLUSION

For all the reasons set forth above, the Court concludes that it lacks subject-matter jurisdiction over this action. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: June 8, 2009                                   s/Richard H. Kyle
                                                      RICHARD H. KYLE
                                                      United States District Judge